**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABIGAIL CAMACHO, ALFREDO AGUILAR, and LATONYA WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MCDONALD'S CORPORATION and MCDONALD'S USA, LLC,<br><br>Defendants. | Case No. _______________<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## TABLE OF CONTENTS

**Page**

I. NATURE OF THE ACTION ... 1

II. PARTIES ... 5

A. Plaintiffs ... 5

B. Defendants ... 8

III. JURISDICTION AND VENUE ... 9

IV. FACTUAL ALLEGATIONS ... 10

A. McDonald's Hidden Admissions That the Sugar Free Products Contain Sugar Cannot Rehabilitate Their Literally False Names ... 10

B. McDonald's Violates FDA Regulations Regarding the Use of the Term "Sugar Free" ... 22

C. McDonald's Independently Violates the Mandatory Calorie Disclaimer that the FDA Requires Whenever a "Sugar Free" Claim Is Used ... 23

D. The FDA's Sugar Free and Calorie Labeling Requirements Apply to Food Served in McDonald's Restaurants ... 24

E. Plaintiffs' Claims Impose Requirements Identical to Federal Requirements and Are Not Preempted ... 25

F. McDonald's Misrepresentations Were Material, and Plaintiffs Relied Upon the Misrepresentations to Their Detriment ... 27

G. In an Acknowledgement That the Names of the Sugar Free Products Are Literally False and Misleading, McDonald's Has Recently Begun to Rename Them, But Is Still Misleading Consumers ... 29

V. CLASS ACTION ALLEGATIONS ... 35

VI. CAUSES OF ACTION ... 39

COUNT I: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 Ill. Comp. Stat. Ann. 505/1, *et seq.* ... 39

COUNT II: VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Unlawful Prong) Cal. Bus. & Prof. Code § 17200, *et seq.* ... 42

COUNT III: VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Unfair Prong) Cal. Bus. & Prof. Code § 17200, *et seq.* ..... 43

COUNT IV: VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Fraudulent Prong) AND FALSE ADVERTISING LAW Cal. Bus. & Prof. Code §§ 17200, 17500, *et seq.* ..... 45

COUNT V: VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT Cal. Civ. Code § 1750, *et seq.* ..... 47

COUNT VI: VIOLATION OF NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350 ..... 48

COUNT VII: UNJUST ENRICHMENT/QUASI-CONTRACT ..... 49

## I. NATURE OF THE ACTION

1. This is a consumer class action against McDonald's Corporation and McDonald's USA, LLC (together, "McDonald's" or "Defendants"), arising from Defendants' sale, marketing, and labeling of a line of McCafé beverages that Defendants name and market as "Sugar Free," but which, in fact, contain substantial amounts of sugar.

2. As the FDA states in its regulations regarding sugar-content claims, the term "sugar free" represents to consumers that a food or beverage contains no sugars or sweeteners.[1] Nonetheless, McDonald's has sold eight beverages whose names include the words "Sugar Free," even though, at the large size, they contain between 2 and 18 grams of sugar per serving. No reasonable consumer would understand a beverage named "Sugar Free" to contain that much sugar.

3. McDonald's deception is twofold: in addition to falsely calling its beverages "Sugar Free," McDonald's also failed to include an FDA-required disclaimer regarding their calorie content. The FDA requires such disclaimers specifically because consumers believe that a beverage that is marketed as "Sugar Free" is also likely to have reduced calories.[2]

4. This case is about literally false product names, the primary and most prominent information that consumers rely upon when deciding whether to purchase a "sugar free" beverage. Plaintiffs do not contend that McDonald's was required to print sugar content on its menus or on its beverages. Nor do Plaintiffs seek to impose any disclosure obligation on McDonald's beyond what federal law already requires. Instead, Plaintiffs claim that McDonald's use of the term "Sugar Free" as an element of eight product names is literally false and likely to mislead consumers, that

[1] *See generally* 21 C.F.R. § 101.60(c)(1).

[2] *Id.*

federal law prohibits McDonald's from calling beverages "Sugar Free" when they contain more than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving, and that state consumer protection laws forbid McDonald's from selling these products under their false and misleading names.

5. The McDonald's products at issue include the Sugar Free French Vanilla Latte, the Sugar Free French Vanilla Cappuccino, the Sugar Free Iced French Vanilla Latte, the Iced Sugar Free French Vanilla Coffee, the Sugar Free Vanilla Latte, the Sugar Free Vanilla Cappuccino, the Sugar Free Iced Vanilla Latte, and the Iced Sugar Free Vanilla Coffee (collectively, the "Sugar Free Products"). McDonald's displays or has displayed these names in its marketing, its menus, its website, its mobile ordering application, and in third-party delivery service applications including, but not limited to, DoorDash, Uber Eats, and Grubhub (collectively, the "Third-Party Applications").

6. Under 21 C.F.R. § 101.60(c)(1), companies can only claim that products are "sugar free" if they contain less than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving (and which meet other requirements—which the Sugar Free Products do not). This requirement applies to food and beverages served in restaurants like McDonald's by the express terms of 21 C.F.R. § 101.13(q)(5).

7. The Sugar Free Products all contain dairy—milk for six of the eight products, and cream for the others—which contains lactose, a naturally occurring sugar.

8. Due to this lactose, the Sugar Free Products contain sugar well in excess of what the FDA allows for truly sugar free beverages, as illustrated in the table below.

| Product | Large Sugar[3] | 360 mL RACC[4] | How Many Times Permissible Amount of Sugar Per RACC? | How Many Times Permissible Amount of Sugar Per Large Serving? |
|---|---|---|---|---|
| Sugar Free French Vanilla Latte | 18g | ~9.96g | ~19.9x | 36x |
| Sugar Free French Vanilla Cappuccino | 12g | ~6.64g | ~13.3x | 24x |
| Sugar Free Iced French Vanilla Latte | 11g | ~6.09g | ~12.2x | 22x |
| Iced Sugar Free French Vanilla Coffee | 2g | ~1.11g | ~2.2x | 4x |

9. The figures in the fourth and fifth columns are the most relevant. Whether a food qualifies as "sugar free" under 21 C.F.R. § 101.13(p)(1) and § 101.60(c)(1) is determined by how much sugar is present per both "reference amount customarily consumed" ("RACC") and "labeled serving." Under 21 C.F.R. § 101.12(b), the reference amount customarily consumed for these coffee-based beverages is 360 milliliters (12 fluid ounces).[5] The Sugar Free Products contain

[3] Per "large"-sized beverage. *See*: https://www.mcdonalds.com/us/en-us/product/latte-sugar-free-french-vanilla-large.html; https://www.mcdonalds.com/us/en-us/product/cappuccino-with-sugar-free-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-latte-with-sugar-free-french-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-coffee-sugar-free-french-vanilla-large.html (each last visited Nov. 4, 2026). Counsel has been unable to find nutritional information regarding the sugar content of the Sugar Free Vanilla Latte, the Sugar Free Vanilla Cappuccino, the Sugar Free Iced Vanilla Latte, and the Iced Sugar Free Vanilla Coffee on any McDonald's website. Upon information and belief, because their sugar content is from the lactose found in their milk or cream, the total sugar for each beverage approximates that of its "French Vanilla" analogue in the table above.

[4] All approximate numbers in this table are upon information and belief and third-party sources, using a 22-ounce estimate for a large beverage, because McDonald's does not provide specific, readily available information on the volume of the Sugar Free Products. *See, e.g.*, Jee Choe, *11 Best McDonald's Iced Coffees*, Coffee at Three, (May 25, 2026), https://coffeeatthree.com/mcdonalds-iced-coffees/ ("McDonald's offers three sizes for drinks: small (12 ounces), medium (16 ounces), and large (22 ounces)."); https://www.mcdonalds.com/gb/en-gb/help/faq/what-sizes-are-your-medium-and-large-cappuccinos.html (McDonald's UK website stating, "We use weight to measure our hot drinks, not volume. This is due to the different densities of foam across our drinks menu."). (both last visited Nov. 4, 2026).

[5] *See* 21 C.F.R. § 101.12(b) tbl.2 (2026). *See also* U.S. Food & Drug Admin., Reference Amounts Customarily Consumed: List of Products for Each Product Category: Guidance for Industry, FDA Docket FDA-2016-D-4098 (Mar. 2, 2018) (identifying "coffee or tea, ready-to-drink (e.g., ice coffee, mocha, cappuccino)" as falling within the 360 mL category), available for download at https://www.regulations.gov/document/FDA-2016-D-4098-0003 (last visited Nov. 4, 2026).

approximately 2.2–19.9 times the "sugar free" maximum of 0.5 grams per RACC. Even worse, these drinks contain 4–36 times the permissible "sugar free" amount per large, labeled serving.

10. Even under a more conservative 240 milliliter RACC more appropriate for milk-based instant breakfasts or meal replacements,[6] the Sugar Free Products would still be approximately 1.5–13.3 times the legal limit.

11. By naming its beverages "Sugar Free," McDonald's made a specific, quantitative, and verifiable claim about the nature of these beverages. Consumers rely upon such claims when deciding to purchase such products. Here, these claims are false.

12. A recent food and health survey determined that 75% of Americans are trying to reduce or eliminate their sugar consumption.[7]

13. McDonald's use of the term "Sugar Free" as part of the official product name for each of the Sugar Free Products is a deliberate attempt to capitalize on the nutritional preferences of 75% of Americans. Furthermore, this usage is knowingly false, misleading, and deceptive to reasonable consumers nationwide and violates the consumer protection statutes of Illinois, California, and New York.

14. Plaintiffs and members of the proposed classes could have purchased McDonald's products that were not represented to be sugar free. The fact that they purchased "Sugar Free" versions indicates the materiality of that label. Plaintiffs were injured by paying for products that were not as represented, and at a minimum would have paid far less than they did.

15. Plaintiffs suffered injury in fact in the form of concrete and particularized economic injury because they paid for products that did not conform to McDonald's "Sugar Free"

---

[6] *See* 21 C.F.R. § 101.12(b) tbl.2 (2026).

[7] 2025 IFIC Food & Health Survey, p. 67, available at https://ific.org/wp-content/uploads/2025-IFIC-Food-Health-Survey-Full-Report.pdf (last visited Nov. 4, 2026).

representation: Plaintiffs either would not have purchased the products at all or would have paid less for them. That injury is fairly traceable to McDonald's use of the misleading "Sugar Free" designation in the products' names. The injury is redressable by an award of damages and by injunctive relief requiring McDonald's to cease the challenged naming practice.

16. Plaintiffs bring this action individually and, in the first instance, on behalf of a proposed Nationwide Class of United States purchasers, seeking damages, restitution, and injunctive relief under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1, *et seq.*, because McDonald's Corporation is headquartered in Illinois and the naming, labeling, and marketing decisions challenged herein were made at, and disseminated from, McDonald's Chicago headquarters. In the alternative, and should the Court decline to certify the Nationwide Class under Illinois law, Plaintiffs bring this action on behalf of proposed statewide subclasses of consumers in Illinois, California, and New York, seeking damages, restitution, and other relief under the laws of their respective states.

## II. PARTIES

### A. Plaintiffs

17. Plaintiff Abigail Camacho ("Illinois Plaintiff") is, and at all relevant times was, a citizen and resident of Chicago, Illinois. From approximately 2023 through October 2026, during the applicable limitations period, Illinois Plaintiff purchased one or more of the Sugar Free Products from McDonald's locations in Chicago, Illinois for personal, family, or household use. Before purchasing, Illinois Plaintiff understood the "Sugar Free" portion of the products' names, i.e., "Sugar Free French Vanilla Latte," "Sugar Free Iced French Vanilla Latte," "Iced Sugar Free French Vanilla Coffee," "Sugar Free Vanilla Latte," "Sugar Free Iced Vanilla Latte," and "Iced Sugar Free Vanilla Coffee," to mean that the beverages contained no sugar. Illinois Plaintiff did not see, and was not shown, any statement of the beverages' sugar content before completing the

purchase. Illinois Plaintiff purchased the beverages in reliance on McDonald's representation that the products were "Sugar Free." Had Illinois Plaintiff known that the products in fact contained approximately 2–18 grams of sugar per large serving, Illinois Plaintiff would not have purchased the products or would have paid substantially less for them. Illinois Plaintiff is a regular McDonald's customer who continues to patronize McDonald's locations. Illinois Plaintiff intends to purchase McCafé beverages from McDonald's in the future and would purchase the Sugar Free Products if they were actually sugar free and truthfully labeled. Because McDonald's continues to use the misleading "Sugar Free" designation, Illinois Plaintiff cannot rely on McDonald's product names to make informed purchasing decisions and therefore faces a real and immediate threat of being deceived again by the same practice.

18. Plaintiff Alfredo Aguilar ("California Plaintiff") is, and at all relevant times was, a citizen and resident of Azusa, Los Angeles County, California. From approximately October 2024 through October 2026, during the applicable limitations period, California Plaintiff purchased one or more of the Sugar Free Products from McDonald's locations in Covina and Glendora, California for personal, family, or household use. Before purchasing, California Plaintiff understood the "Sugar Free" portion of the products' names, i.e., "Sugar Free Vanilla Cappuccino," "Sugar Free Vanilla Latte," "Sugar Free Iced Vanilla Latte," "Sugar Free French Vanilla Latte," and "Sugar Free French Vanilla Cappuccino," to mean that the beverages contained no sugar. California Plaintiff did not see, and was not shown, any statement of the beverages' sugar content before completing the purchase. California Plaintiff purchased the beverages in reliance on McDonald's representation that the products were "Sugar Free." Had California Plaintiff known that the products in fact contained approximately 2–18 grams of sugar per large serving, California Plaintiff would not have purchased the products or would have paid substantially less for them.

California Plaintiff is a regular McDonald's customer who continues to patronize McDonald's locations. California Plaintiff intends to purchase McCafé beverages from McDonald's in the future and would purchase the Sugar Free Products if they were actually sugar free and truthfully labeled. Because McDonald's continues to use the misleading "Sugar Free" designation, California Plaintiff cannot rely on McDonald's product names to make informed purchasing decisions and therefore faces a real and immediate threat of being deceived again by the same practice.

19. Plaintiff LaTonya Wright ("New York Plaintiff") is, and at all relevant times was, a citizen and resident of Brooklyn, New York. From approximately 2019 through October 2026, during the applicable limitations period, New York Plaintiff purchased one or more of the Sugar Free Products from McDonald's locations in Brooklyn, New York for personal, family, or household use. Before purchasing, New York Plaintiff understood the "Sugar Free" portion of the products' names, i.e., "Sugar Free French Vanilla Latte," "Sugar Free Iced French Vanilla Latte," "Iced Sugar Free French Vanilla Coffee," "Sugar Free Vanilla Latte," "Sugar Free Iced Vanilla Latte," and "Iced Sugar Free Vanilla Coffee," to mean that the beverages contained no sugar. New York Plaintiff did not see, and was not shown, any statement of the beverages' sugar content before completing the purchase. New York Plaintiff purchased the beverages in reliance on McDonald's representation that the products were "Sugar Free." Had New York Plaintiff known that the products in fact contained approximately 2–18 grams of sugar per large serving, New York Plaintiff would not have purchased the products or would have paid substantially less for them. New York Plaintiff is a regular McDonald's customer who continues to patronize McDonald's locations. New York Plaintiff intends to purchase McCafé beverages from McDonald's in the future and would purchase the Sugar Free Products if they were actually sugar free and truthfully labeled. Because McDonald's continues to use the misleading "Sugar Free" designation, New

York Plaintiff cannot rely on McDonald's product names to make informed purchasing decisions and therefore faces a real and immediate threat of being deceived again by the same practice.

**B. Defendants**

20. Defendant McDonald's Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal executive offices located at 110 N. Carpenter Street, Chicago, Illinois 60607.[8] McDonald's Corporation is, and at all relevant times was, engaged, directly and through its subsidiaries and franchisees, in the business of developing, marketing, distributing, and licensing the sale of coffee and other beverages, including the Sugar Free Products, throughout the United States, including in this District.

21. Defendant McDonald's USA, LLC is, on information and belief, a Delaware limited liability company and a wholly owned subsidiary of McDonald's Corporation, with its principal place of business at the same Chicago, Illinois address. On information and belief, McDonald's USA, LLC franchises and licenses the McDonald's system to independent franchisees operating restaurants in the United States, operates mcdonalds.com and the mobile ordering application through which the Sugar Free Products are marketed and sold, and, through its national approved-supplier program, sets the required recipe, ingredient specifications, and syrup formulation that every franchised and company-operated McDonald's restaurant in the United States must use to prepare the Sugar Free Products.

22. On information and belief, all decisions concerning the naming, menu presentation, and marketing of the Sugar Free Products, and the approval of the "Sugar Free" nutrient content claim for use in those names, were made by McDonald's personnel at its Chicago headquarters

---

[8] *See* McDonald's Corp., Form 10-K for the fiscal year ended December 31, 2025, at 1, available at https://www.sec.gov/Archives/edgar/data/63908/000006390826000035/mcd1231202510k.pdf (last visited Nov. 4, 2026).

and disseminated from this District to every channel in which the Sugar Free Products are sold nationwide.

## III. JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: this is a class action in which the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; there are more than 100 proposed class members; and at least one member of a proposed class is a citizen of a state different from Defendants. McDonald's has sold the Sugar Free Products for at least three years preceding the filing of this Complaint, at prices of approximately $2.50–$5.50 per beverage, at thousands of McDonald's locations nationwide and via McDonald's website and mobile application and the Third-Party Applications. On information and belief, sales of the Sugar Free Products during the class period total well in excess of $5,000,000.

24. This Court has personal jurisdiction over Defendants because each is incorporated in, or organized under the laws of, Delaware and maintains its principal place of business in the State of Illinois, rendering each Defendant "at home" in this forum for purposes of general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

25. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District within the meaning of 28 U.S.C. § 1391(c)(2), and because a substantial part of the events giving rise to Plaintiffs' claims, including the design, approval, and centralized dissemination of the product naming and labeling practices at issue, occurred in this District, where Defendants' headquarters are located.

## IV. FACTUAL ALLEGATIONS

### A. McDonald's Hidden Admissions That the Sugar Free Products Contain Sugar Cannot Rehabilitate Their Literally False Names

26. Plaintiffs do not allege that McDonald's was required to display sugar content on its menus or its beverages. Nor do Plaintiffs seek to impose disclosure obligations on McDonald's beyond those already required by federal law. Plaintiffs simply allege that the names of the Sugar Free Products are both literally false and misleading to reasonable consumers. The allegations in this subsection support a prosaic proposition: McDonald's cannot rehabilitate the literally false and misleading names of the Sugar Free Products by claiming that a consumer who went looking beyond these representations could have found the truth elsewhere. In any event, as set forth below, the truth is not readily available to consumers.

27. The sugar content of the Sugar Free Products is not displayed on McDonald's physical in-store or drive-through display menus or on the product pages displayed by its in-store electronic ordering kiosks.

28. McDonald's does not affix nutritional labels or other disclosures stating the true sugar content to its Sugar Free Products.

29. McDonald's current default website menu template does not currently display the Sugar Free Products at all. On information and belief, however, Sugar Free Products have been available for purchase, under the "Sugar Free" name element challenged in this Complaint, at McDonald's restaurants nationwide, including through in-restaurant and drive-through purchase, McDonald's own website and application, and the Third-Party Applications.

30. The four images below show large versions of the Sugar Free French Vanilla Latte, the Sugar Free French Vanilla Cappuccino, the Sugar Free Iced French Vanilla Latte, and the Iced Sugar Free French Vanilla Coffee as they appear on their own official McDonald's product pages,

reached via search terms rather than through logical navigation of the menu portion of McDonalds.com.[9] Similar pages do not appear to be available for the other Sugar Free Products, even though McDonald's sells them nationwide.




[9] *See*: https://www.mcdonalds.com/us/en-us/product/latte-sugar-free-french-vanilla-large.html; https://www.mcdonalds.com/us/en-us/product/cappuccino-with-sugar-free-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-latte-with-sugar-free-french-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-coffee-sugar-free-french-vanilla-large.html (each last visited Nov. 4, 2026).




## McCafé® Sugar Free French Vanilla Cappuccino

220 Cal.

**Change your size**

S Small | M Medium | L **Large**

A warm, comforting Sugar Free French Vanilla Cappuccino made with steamed whole milk, bold espresso from sustainably sourced beans, fluffy foam and rich, sugar-free coffee syrup with French Vanilla flavor.

There are 220 calories in a large Sugar Free French Vanilla Cappuccino at McDonald's. Also available in small (130 cal) and medium (160 cal). Order a sugar free cappuccino with French Vanilla syrup today from the full menu in the app for pickup or McDelivery®.*

*At participating McDonald's. McD's app download and registration required. McDelivery prices may be higher than at restaurants. Delivery/other fees may apply.




## McCafé® Sugar Free Iced French Vanilla Latte

210 Cal.

**Change your size**

S Small | M Medium | L **Large**

Cool down with a cold McCafé Iced Latte, made from Rainforest Alliance Certified™ espresso. Customize the Iced Latte that's made just for you with cold whole milk, mixed with your choice of sugar-free coffee syrup at certain locations.

There are 210 calories in a large Sugar Free Iced French Vanilla Latte at McDonald's. Also available in small (120 cal) and medium (140 cal). Order one today from the full menu in the app for pickup or McDelivery®.*

*At participating McDonald's. McD's app download and registration required. McDelivery prices may be higher than at restaurants. Delivery/other fees may apply.




31. As shown in the four images below, McDonald's own nutrition information, available on each product page on its website—but only if clicked to reveal—admits that the Sugar Free French Vanilla Latte, the Sugar Free French Vanilla Cappuccino, the Sugar Free Iced French Vanilla Latte, and the Iced Sugar Free French Vanilla Coffee contain 18, 12, 11, and 2g of sugar, respectively, and that their "Sugar Free" naming is false.[10]

[10] *See*: https://www.mcdonalds.com/us/en-us/product/latte-sugar-free-french-vanilla-large.html; https://www.mcdonalds.com/us/en-us/product/cappuccino-with-sugar-free-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-latte-with-sugar-free-french-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-coffee-sugar-free-french-vanilla-large.html (each last visited Nov. 4, 2026).

**Sugar Free French Vanilla Latte:**

## Nutritional Information

### Nutrition Summary

| 270 Cal. | 12g | 29g | 12g |
|---|---|---|---|
| Calories | Protein | Total Carbs (11 % DV ) | Total Fat (15 % DV ) |

| | | | | | |
|---|---|---|---|---|---|
| Saturated Fat: | 7g (34 % DV) | Added Sugars: | 0g (0 % DV) | Potassium: | 600mg (15 % DV) |
| Trans Fat: | 0g | Vitamin D: | 4mcg (25 % DV) | Sodium: | 210mg (9 % DV) |
| Cholesterol: | 35mg (12 % DV) | Calcium: | 420mg (30 % DV) | | |
| Total Sugars: | 18g | Iron: | 0mg (2 % DV) | | |

**Sugar Free French Vanilla Cappuccino:**

## Nutritional Information

### Nutrition Summary

| 220 Cal. | 10g | 27g | 8g |
|---|---|---|---|
| Calories | Protein | Total Carbs (10 % DV ) | Total Fat (10 % DV ) |

| | | | | | |
|---|---|---|---|---|---|
| Saturated Fat: | 5g (25 % DV) | Total Sugars: | 12g | Iron: | 0mg (0 % DV) |
| Trans Fat: | 0g | Added Sugars: | 0g (0 % DV) | Potassium: | 560mg (10 % DV) |
| Cholesterol: | 30mg (11 % DV) | Vitamin D: | 2mcg (10 % DV) | Sodium: | 160mg (7 % DV) |
| Dietary Fiber: | 0g (1 % DV) | Calcium: | 320mg (25 % DV) | | |

**Sugar Free Iced French Vanilla Latte:**

## Nutritional Information

**Nutrition Summary**

| 210 Cal. | 9g | 26g | 8g |
|---|---|---|---|
| Calories | Protein | Total Carbs (9 % DV ) | Total Fat (10 % DV ) |

| | | | | | |
|---|---|---|---|---|---|
| Saturated Fat: | 4.5g (23 % DV) | Total Sugars: | 11g | Iron: | 0mg (0 % DV) |
| Trans Fat: | 0g | Added Sugars: | 0g (0 % DV) | Potassium: | 510mg (10 % DV) |
| Cholesterol: | 30mg (10 % DV) | Vitamin D: | 2mcg (10 % DV) | Sodium: | 160mg (7 % DV) |
| Dietary Fiber: | 0g (1 % DV) | Calcium: | 310mg (25 % DV) | | |

**Iced Sugar Free French Vanilla Coffee:**

## Nutritional Information

**Nutrition Summary**

| 160 Cal. | 3g | 18g | 8g |
|---|---|---|---|
| Calories | Protein | Total Carbs (7 % DV ) | Total Fat (10 % DV ) |

| | | | | | |
|---|---|---|---|---|---|
| Saturated Fat: | 5g (26 % DV) | Total Sugars: | 2g | Iron: | 0mg (0 % DV) |
| Trans Fat: | 0g | Added Sugars: | 0g (0 % DV) | Potassium: | 420mg (8 % DV) |
| Cholesterol: | 30mg (9 % DV) | Vitamin D: | 0mcg (0 % DV) | Sodium: | 115mg (5 % DV) |
| Dietary Fiber: | 0g (0 % DV) | Calcium: | 70mg (6 % DV) | | |

32. Upon information and belief, McDonald's began changing the branding of its Sugar Free Products from "French Vanilla" to "Vanilla" in or around spring 2026.

33. Nutritional information regarding the sugar content of the Sugar Free Vanilla Latte, the Sugar Free Vanilla Cappuccino, the Sugar Free Iced Vanilla Latte, and the Iced Sugar Free Vanilla Coffee does not appear to be publicly accessible on McDonalds.com. Upon information

and belief, because their sugar content is from the lactose found in their milk or cream, the total sugar for each beverage approximates that of its "French Vanilla" analogue in the four images above.

34. The two images below show three of the Sugar Free Products, the Iced Sugar Free Vanilla Coffee, the Sugar Free Vanilla Latte, and the Sugar Free Vanilla Cappuccino, alongside other, non-sugar-free beverages, in the McCafé section of the McDonald's breakfast menu on the DoorDash website.[11] The sugar content for these beverages is not displayed on the DoorDash website.




[11] *See* https://www.doordash.com/store/mcdonald's-boston-28068763/36092768/?event_type=autocomplete&pickup=false (last visited Oct. 15, 2026).




35. The two images below show three of the Sugar Free Products, the Iced Sugar Free Vanilla Coffee, the Sugar Free Vanilla Latte, and the Sugar Free Vanilla Cappuccino, alongside other, non-sugar-free beverages, in the McCafé section of the McDonald's breakfast menu on the Uber Eats website.[12] The sugar content for these beverages is not displayed on the Uber Eats website.

[12] *See* https://www.ubereats.com/store/mcdonalds-100-legends-ways/7KcFLLqQUFubDcBh-rD5dg?d=2026-10-16&diningMode=DELIVERY&et=495&ps=1&st=465 (last visited Oct. 15, 2026).


Caramel Apple Pie Latte
$4.19 · 410 Cal.
Caramel Apple Pie Iced Coffee
$2.79 · 290 Cal.
Iced Coffee
$3.39 · 190 Cal.
Popular
Iced Coffee Black
$3.39 · 5 Cal.
Popular
Iced Caramel Coffee
$3.39 · 100% (3) · 200 Cal.
Iced Vanilla Coffee
$3.39 · 200 Cal.
Popular
Iced Sugar Free Vanilla Coffee
$3.39 · 110 Cal.
Premium Roast Coffee
$2.59 · 100% (4) · 10 Cal.




36. The two images below show three of the Sugar Free Products, the Iced Sugar Free Vanilla Coffee, the Sugar Free Vanilla Latte, and the Sugar Free Vanilla Cappuccino, alongside other, non-sugar-free beverages, in the McCafé section of the McDonald's breakfast menu on the Grubhub website.[13] The sugar content for these beverages is not displayed on the Grubhub website.

---

[13] *See* https://www.grubhub.com/restaurant/mcdonalds-100-legends-way-boston/7995752 (last visited Oct. 15, 2026).


Iced Sugar Free Vanilla Coffee
(110 Cal.)
$3.39+
Premium Roast Coffee
(5 Cal.)
$2.39+
Hot Tea
(10 Cal.)
$2.39+
Decaf Coffee
(5 Cal.)
$2.39+
Premium Hot Chocolate
(360 Cal.)
$3.19+
Caramel Frappé
(420 Cal.)
$3.49+


Sugar Free Vanilla Latte
(170 Cal.)
$3.69+
Iced Latte
(80 Cal.)
$3.29+
Iced Vanilla Latte
(180 Cal.)
$3.29+
Cappuccino
(110 Cal.)
$3.19+
Vanilla Cappuccino
(210 Cal.)
$3.19+
Sugar Free Vanilla Cappuccino
(130 Cal.)
$3.19+
Caramel Cappuccino
(210 Cal.)
$3.19+
Americano
(0 Cal.)
$3.09+

37. Clicking on the "Allergen Information" section of each of the "French Vanilla" versions of the Sugar Free Products' product pages on McDonalds.com confirms that each of them contains milk or cream.[14]

38. Upon information and belief, the "Vanilla" versions of the Sugar Free Products contain approximately the same amount of milk or cream as their "French Vanilla" analogues.

39. The milk or cream included in each of the Sugar Free Products contains lactose.

40. This lactose is a sugar.

41. McDonald's knows that the Sugar Free Products contain milk or cream.

42. McDonald's knows that this milk or cream contains lactose.

43. McDonald's knows that this lactose is a sugar.

44. McDonald's itself classifies this lactose as a sugar, as illustrated by McDonald's own nutrition information for the French Vanilla Sugar Free Products, which admits that the large size of these beverages contains between approximately 2 and 18 grams of sugar.

45. Despite knowing that the Sugar Free Products contain milk or cream, and knowing that this milk or cream contains lactose, and knowing that this lactose is a sugar, and despite actually classifying this lactose as a sugar, McDonald's nonetheless calls these beverages "Sugar Free."

46. McDonald's calls these beverages "Sugar Free" because it knows that consumers rely on such representations when deciding what products to purchase.

---

[14] *See* https://www.mcdonalds.com/us/en-us/product/latte-sugar-free-french-vanilla-large.html; https://www.mcdonalds.com/us/en-us/product/cappuccino-with-sugar-free-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-latte-with-sugar-free-french-vanilla-syrup-large.html; https:// www .mcdonalds.com/us/en-us/product/iced-coffee-sugar-free-french-vanilla-large.html (each last visited Nov. 4, 2026).

**B. McDonald's Violates FDA Regulations Regarding the Use of the Term "Sugar Free"**

47. The federal regulation governing the term "sugar free" describes the specific consumer understanding on which it rests: "Consumers may reasonably be expected to regard *terms that represent that the food contains no sugars or sweeteners* e.g., 'sugar free,' or 'no sugar,' as indicating a product which is low in calories or significantly reduced in calories."[15] The FDA has thus determined that consumers interpret "sugar free" as both an absolute statement regarding sugar content as well as a representation of reduced calories.

48. The FDA has unambiguously classified lactose as a "sugar" since at least 1993.[16] Lactose is not merely encompassed by the regulatory definition of "total sugars"; it is one of the four substances that the regulation explicitly names as examples: "Total sugars shall be defined as the sum of all free mono- and disaccharides (such as glucose, fructose, lactose, and sucrose)."[17]

49. Under FDA regulations, a food or beverage (including the Sugar Free Products) may be labeled "sugar free," "free of sugar," "no sugar," "zero sugar," or a comparable synonym only if (among other things) it "contains less than 0.5 g of sugars, as defined in § 101.9(c)(6)(ii), per reference amount customarily consumed and per labeled serving … ."[18]

50. In September 2007, the FDA reiterated these requirements in a letter to food manufacturers and distributors, identifying accurate claims regarding the absence of sugar as a regulatory priority and advising that it intended to take appropriate action against products bearing "sugar free" claims that failed to satisfy each requirement of 21 C.F.R. § 101.60(c).[19]

---

[15] 21 C.F.R. § 101.60(c)(1) (emphasis added).

[16] *See* 21 C.F.R. § 101.9(c)(6)(ii); 58 Fed. Reg. 2079, 2177 (Jan. 6, 1993).

[17] 21 C.F.R. § 101.9(c)(6)(ii).

[18] 21 C.F.R. § 101.60(c)(1)(i).

[19] U.S. Food & Drug Admin., Guidance for Industry and FDA: Dear Manufacturer Letter Regarding Sugar Free Claims (Sept. 2007), https://www.fda.gov/regulatory-information/search-fda-guidance-

51. Each of the Sugar Free Products contains greater than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving.

52. McDonald's knows that the Sugar Free Products contain greater than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving.

53. Despite knowing that the Sugar Free Products contain greater than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving, McDonald's nonetheless calls these drinks Sugar Free.

### C. McDonald's Independently Violates the Mandatory Calorie Disclaimer that the FDA Requires Whenever a "Sugar Free" Claim Is Used

54. Even if the Sugar Free Products had less than 0.5 grams of sugar per RACC and per labeled serving, McDonald's could not legally call them "sugar free" as McDonald's presents them. Section 101.60(c)(1)(iii) permits the term "sugar free" to be used only if the food (A) "is labeled 'low calorie' or 'reduced calorie' or bears a relative claim of special dietary usefulness," or (B) the term "is immediately accompanied, each time it is used, by either the statement 'not a reduced calorie food,' 'not a low calorie food,' or 'not for weight control.'"

55. The FDA specifically emphasized this requirement in its September 2007 letter to food manufacturers and distributors, expressing concern about products bearing "sugar free" claims without the required calorie disclaimer and reminding the industry that the disclaimer, when required, must accompany the claim each time it is used.[20]

---

documents/guidance-industry-and-fda-dear-manufacturer-letter-regarding-sugar-free-claims (last visited Nov. 4, 2026).

[20] *Id.*

56. The Sugar Free Products are not labeled "low calorie" or "reduced calorie." Nor are they.[21]

57. Upon information and belief, McDonald's does not accompany the term "Sugar Free" with the statement "not a reduced calorie food," "not a low calorie food," or "not for weight control," anywhere, including on its physical menus, in its mobile application, on its website, or in the Third-Party Applications.

58. Whenever McDonald's uses the term "Sugar Free" in connection with each of the Sugar Free Products, it commits an independent violation of 21 C.F.R. § 101.60(c)(1)(iii). These violations do not depend on the actual sugar content of the beverages, and they exist in addition to the violations described above.

59. The FDA imposed this specific calorie disclaimer requirement because consumers understand the term "sugar free" to be an indication that a product "is low in calories or significantly reduced in calories." 21 C.F.R. § 101.60(c)(1). By using the term without the required disclaimer, McDonald's told consumers not only that the Sugar Free Products contain no sugar—which is false—but also implied that they are low or reduced in calories—which is also false.

**D. The FDA's Sugar Free and Calorie Labeling Requirements Apply to Food Served in McDonald's Restaurants**

60. Claims regarding the sugar content of a food are only permissible if, among other things, "[t]he claim is made in accordance with the general requirements for nutrient content claims in § 101.13." 21 C.F.R. § 101.60(a)(2).

---

[21] *See, e.g.*: https://www.mcdonalds.com/us/en-us/product/latte-sugar-free-french-vanilla-large.html; https://www.mcdonalds.com/us/en-us/product/cappuccino-with-sugar-free-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-latte-with-sugar-free-french-vanilla-syrup-large.html; https://www.mcdonalds.com/us/en-us/product/iced-coffee-sugar-free-french-vanilla-large.html (each last visited Nov. 4, 2026).

61. Section 101.13 expressly applies to food served in restaurants: “A nutrient content claim used on food that is served in restaurants or other establishments in which food is served for immediate human consumption or which is sold for sale or use in such establishments shall comply with the requirements of this section and the appropriate definition in subpart D of this part … .” 21 C.F.R. § 101.13(q)(5). Section 101.60 is in subpart D.

62. The exceptions to this rule are narrow and inapplicable here. No exception excuses a restaurant from the substantive definition of “sugar free” in § 101.60(c)(1).

63. The requirements of 21 C.F.R. § 101.60(c)(1), therefore, apply in full to McDonald’s naming, displaying, marketing, and selling of the Sugar Free Products.

## E. Plaintiffs’ Claims Impose Requirements Identical to Federal Requirements and Are Not Preempted

64. Federal law prohibits states from implementing “any requirement respecting any claim of the type described in section 343(r)(1) of this title made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title.” 21 U.S.C. § 343-1(a)(5) (internal citations omitted). It does not prohibit states from imposing requirements that are identical. *See Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 484 (7th Cir. 2020) (state labeling requirements identical to federal requirements are permitted).

65. Plaintiffs seek to hold McDonald’s liable because falsely telling consumers that beverages containing sugar in excess of the legal limit are actually “Sugar Free” and failing to include required calorie disclaimers violate state laws against unfair trade practices, consumer fraud, false advertising, and other wrongful conduct.

66. As described above, such conduct also violates FDA labeling requirements already in force.

67. California's Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 110100 *et seq.*, expressly adopts the food-labeling requirements set forth in the Food, Drug, and Cosmetic Act's implementing regulations, including 21 C.F.R. § 101.60(c)(1), as the food-labeling law of the State of California.[22]

68. Plaintiffs do not seek to require McDonald's to add any statement to the Sugar Free Products' labels that federal law does not already require, or to remove any statement that federal law requires. Plaintiffs request only what 21 C.F.R. § 101.60(c)(1) already commands: that beverages containing more than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving not be called "Sugar Free," and that accurate "Sugar Free" claims be accompanied by required calorie disclaimers.

69. Plaintiffs' claims do not exist "solely by virtue of" the Federal Food, Drug, and Cosmetic Act. *Cf. Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001). The obligation not to sell a product under a name that misstates what is in it is a traditional obligation of state consumer-protection, contract, and warranty law that long predates the FDCA and would exist in identical terms if the FDCA had never been enacted. Plaintiffs invoke the federal regulations as evidence that the representation is false and material and that McDonald's knew it—not as the source of McDonald's duty. Plaintiffs do not seek to enforce the FDCA, and no relief sought in this action depends on the FDCA's enforcement provisions.[23] Plaintiffs' claims are likewise unaffected by *Monsanto Co. v. Durnell*, 146 S. Ct. 2001 (2026). *Durnell* addressed a state-law claim premised on the absence of a warning that the Environmental Protection Agency

[22] *See Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 848 (9th Cir. 2024) ("Because the Sherman Law incorporates all the federal food labeling requirements, it is 'identical' to federal standards and not expressly preempted. It is expressly permitted.").

[23] *See* 21 U.S.C. § 337(a).

had affirmatively determined was not required, on a pesticide label the agency had reviewed and approved under a statutory pre-approval regime. There is no analogous regime here. The FDA does not review or approve restaurant menu item names. McDonald's holds no FDA approval, permit, or clearance for the names of the Sugar Free Products. The FDA has made no determination that a beverage containing sugar in excess of the regulatory limit may be called "Sugar Free." And 21 C.F.R. § 101.60(c)(1) is an affirmative federal prohibition on McDonald's conduct, rather than an agency decision declining to require something further.

### F. McDonald's Misrepresentations Were Material, and Plaintiffs Relied Upon the Misrepresentations to Their Detriment

70. In *Franco v. Chobani, LLC*, 184 F.4th 599, 606–07 (7th Cir. 2026), the Seventh Circuit recently held that allulose—a sugar encompassed by 21 C.F.R. § 101.9(c)(6)(ii) but *not* among the substances specifically named in that regulation—is a "sugar" for purposes of the "sugar free" rule, and that a complaint alleging a product was sold as "sugar free" while containing allulose plausibly alleged consumer deception.[24]

71. Lactose's regulatory and scientific status as a sugar is even clearer. It is one of the four substances that the FDA regulation expressly enumerates as a sugar.[25] It is a disaccharide "containing two monosaccharides with the elimination of a water molecule with the general

[24] *Franco*, 184 F.4th at 607 ("The Francos have alleged that consumers were fooled by Chobani's labels, and *given the absolute promise on Chobani's products (sugar free)*, we do not find that allegation implausible.") (emphasis added).

[25] 21 C.F.R. § 101.9(c)(6)(ii).

chemical structure C12H22O11."[26] It has the ordinary metabolic properties of dietary sugar.[27] And it measurably affects blood glucose after consumption.[28]

72. The sugar content of a beverage is a material fact to reasonable consumers, including the health-conscious consumers who specifically seek out sugar free options.

73. McDonald's decision to incorporate "Sugar Free" into the names of the Sugar Free Products was calculated to attract consumers seeking to reduce or avoid sugar. By making the claimed absence of sugar part of the Sugar Free Products' names, McDonald's presented that specific characteristic as a reason for consumers to select those beverages over competing options. McDonald's intended this false designation to influence purchasing decisions concerning the very nutritional attribute it purported to describe.

74. The International Food Information Council—a nonprofit organization funded by the food and beverage industry—reported in its 2025 Food & Health Survey that 63 percent of Americans are concerned about the amount of sugar in their diet and that 75 percent of Americans are trying to reduce or eliminate it.[29]

75. In addition, consumers living with diabetes often track the sugars provided by milk because they can affect blood glucose levels.[30]

---

[26] Julie E. Holesh, Sanah Aslam & Andrew Martin, *Physiology, Carbohydrates*, StatPearls (last updated May 12, 2023), https://www.ncbi.nlm.nih.gov/books/NBK459280/.

[27] *Id.* (listing lactose as an example of a simple carbohydrate that is "easily … utilized for energy, causing a rapid rise in blood sugar and insulin secretion from the pancreas.").

[28] *Id.*

[29] *2025 IFIC Food & Health Survey*, pp. 66–67, available at https://ific.org/wp-content/uploads/2025-IFIC-Food-Health-Survey-Full-Report.pdf (last visited Nov. 4, 2026).

[30] *See generally* Andrew Reynolds & Joanna Mitri, *Dietary Advice for Individuals with Diabetes*, in Endotext (Kenneth R. Feingold et al. eds., MDText.com, Inc. 2024), https://www.ncbi.nlm.nih.gov/books/NBK279012/ (identifying milk, alongside starch/bread and fruit, as one of the primary carbohydrate categories that "affect blood glucose" and require dietary tracking) (last visited Nov. 4, 2026).

76. Plaintiffs and members of the proposed classes reasonably relied on McDonald's "Sugar Free" product names when deciding whether to purchase the Sugar Free Products that they otherwise would not have purchased, would have purchased less often, or would only have purchased at a lower price, had they known the truth. These excess purchases or the total price premium are capable of measurement on a class-wide basis through accepted economic methods.

### G. In an Acknowledgement That the Names of the Sugar Free Products Are Literally False and Misleading, McDonald's Has Recently Begun to Rename Them, But Is Still Misleading Consumers

77. On October 2, 2026, a complaint similar to this one was filed against Starbucks Corporation ("Starbucks") in the United States District Court for the Western District of Washington at Seattle (the "Starbucks Complaint").[31]

78. The Starbucks Complaint alleges that Starbucks violates applicable law by selling eight beverages whose names begin with the words "Sugar Free," even though they contain between 13 and 21 grams of sugar per venti-size serving.[32]

79. Like the Sugar Free Products sold by McDonald's, the sugar in the Starbucks beverages is lactose from the milk used to make them.[33]

80. The Starbucks Complaint received substantial media attention.[34]

81. Upon information and belief, McDonald's learned of the filing of the Starbucks Complaint and the media attention regarding it.

---

[31] *See* Complaint, *Walsh v. Starbucks Corp.*, No. 2:26-cv-03745 (W.D. Wash. Oct. 2, 2026).

[32] *Id.*, ¶ 2.

[33] *Id.*, ¶ 7.

[34] *See, e.g.*, Dee-Ann Durbin, *A Lawsuit Accuses Starbucks of Mislabeling 8 'Sugar-Free' Protein Drinks*, AP News (Oct. 5, 2026), https://apnews.com/article/starbucks-sugar-free-protein-drinks-coffee-beverages-9c1c76cc3d5dc712f76a8bfbd4493459 (last visited Nov. 4, 2026); Mason Leib, *Starbucks Sued Over Alleged 'Substantial Amounts of Sugar' in 'Sugar-Free' Drinks, Company Denies Claims*, Good Morning America (Oct. 6, 2026), https://www.goodmorningamerica.com/news/story/starbucks-sued-alleged-substantial-amounts-sugar-sugar-free-137033725 (last visited Nov. 4, 2026).

82. Upon information and belief, at some point after both the October 2, 2026 filing of the Starbucks Complaint and the capture of the product and menu images at ¶¶ 30–31, 34–36 of this Complaint, McDonald's began to rename its Sugar Free Products by replacing the term "Sugar Free" with the term "Reduced Sugar."

83. McDonald's hurried renaming scheme, however, has not been successful; it is still marketing even these renamed beverages as "sugar free."

84. For example, the images below show the renamed "Reduced SUGAR VANILLA CAPPUCCINO" and "Iced Reduced Sugar Vanilla Coffee" product pop-up pages as they appear on DoorDash:[35]

[35] *See* https://www.doordash.com/store/mcdonald's-boston-28068763/36092768/ (last visited Nov. 4, 2026).

# Reduced SUGAR VANILLA CAPPUCCINO

**130 cal**

A warm, comforting Sugar Free French Vanilla Cappuccino made with whole or nonfat steamed milk, bold espresso made from sustainably-sourced beans, fluffy foam, and rich, sugar-free French Vanilla flavor.




**Select Size**

⚠ Required • Select 1

Small
130 cal

Medium
160 cal
+$0.50

Large
220 cal
+$1.00

**Make 1 required selection - $3.19**

×

# Iced Reduced Sugar Vanilla Coffee

**110 cal**

Go for this sugar free Iced Coffee that features 100% Arabica beans and smooth Sugar Free French Vanilla syrup and cream, then enjoy the perfect sip.




## Select Size

⚠ **Required** • Select 1

○ Medium
110 cal

○ Large
150 cal
+$0.30

## Remove from Iced Reduced Sugar Vanilla Coffee

(Optional) • Select up to 2

☐ No Cream
20 cal

**Make 1 required selection - $3.39**

85. As illustrated above, the marketing copy for these beverages still uses the literally false and misleading "sugar free" nutrition claim. The marketing copy for the "Reduced SUGAR VANILLA CAPPUCCINO" states: "A warm, comforting **Sugar Free** French Vanilla Cappuccino made with whole or nonfat steamed milk, bold espresso made from sustainably-sourced beans, fluffy foam, and rich, sugar-free French Vanilla flavor." And the marketing copy for the "Iced Reduced Sugar Vanilla Coffee" states: "Go for this **sugar free** Iced Coffee that features 100% Arabica beans and smooth Sugar Free French Vanilla syrup and cream, then enjoy the perfect sip."[36]

86. McDonald's hasty renaming of the Sugar Free Products illustrates that it knows that the prior names were literally false and likely to mislead consumers.

87. Even the new names, however, violate applicable law.

88. The term "Reduced Sugar" is a regulated nutrient content claim under FDA regulations. To lawfully call a product "Reduced Sugar" requires certain additional requirements that McDonald's fails to meet.

89. Under 21 C.F.R. § 101.60(c)(5), the terms "reduced sugar," "reduced in sugar," "sugar reduced," "less sugar," "lower sugar," or "lower in sugar" may be used only if, among other things, the food "contains at least 25 percent less sugar per reference amount customarily consumed than an appropriate reference food."[37]

90. 21 C.F.R. § 101.13(j)(2) requires relative claims like "Reduced Sugar" to be accompanied by a statement of "the identity of the reference food and the percentage (or fraction)

---

[36] *Id.* (emphasis added).

[37] 21 C.F.R. § 101.60(c)(5)(i).

of the amount of the nutrient in the reference food by which the nutrient in the labeled food differs," and that this information "shall be immediately adjacent to the most prominent claim."[38]

91. These requirements apply to beverages served in restaurants, including McDonald's, pursuant to 21 C.F.R. § 101.13(q)(5), for the same reasons set forth in Section IV.D above. Nothing in Section 101.13(q)(5)'s restaurant-specific exceptions excludes a restaurant from the reference-food and percentage reduction disclosures that Section 101.13(j)(2) requires.

92. As illustrated by the images at ¶ 84, above, McDonald's descriptions of the renamed "Reduced SUGAR VANILLA CAPPUCCINO" and "Iced Reduced Sugar Vanilla Coffee" beverages identify no reference food and state no percentage or fraction by which their sugar content has purportedly been reduced.

93. Whenever McDonald's uses the term "Reduced Sugar" without identifying a reference food and the percentage or fraction of reduction, it commits an independent violation of 21 C.F.R. § 101.13(j)(2) and 21 C.F.R. § 101.60(c)(5). This violation does not depend on whether McDonald's has, in fact, achieved a 25 percent reduction in sugar content, and it exists in addition to the violations described above.

94. McDonald's selective and incomplete renaming of the Sugar Free Products does not cure, but rather exacerbates, the deception alleged in this Complaint. A reasonable consumer confronted with a beverage named "Reduced Sugar" in one place and described as "sugar free" in another has no way of knowing which representation, if either, is true.

95. Upon information and belief, McDonald's renaming of the Sugar Free Products remains incomplete and inconsistent: the term "Sugar Free" continues to appear in its marketing

[38] 21 C.F.R. § 101.13(j)(2)(i)–(ii).

of beverages that contain more than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving.

96. The conduct described in this Section confirms that McDonald's has known and continues to know that its "Sugar Free" labeling is false and that McDonald's has yet to bring any of the Sugar Free Products into compliance with federal law.

## V. CLASS ACTION ALLEGATIONS

97. As their primary class theory, and pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs bring this action on behalf of themselves and all others similarly situated and seek certification of a single Nationwide Class, defined as follows:

> **Nationwide Class**: All persons in the United States who purchased one or more of the Sugar Free Products for personal, family, or household use from three years prior to the filing of this Complaint through the date of class certification.

98. Illinois law governs the claims of the Nationwide Class. McDonald's Corporation is organized under the laws of the State of Delaware and maintains its principal place of business and global headquarters at 110 N. Carpenter Street, Chicago, Illinois. On information and belief, the decisions to name, label, market, and sell the Sugar Free Products using the term "Sugar Free"—without the required calorie disclaimer—and to approve that nutrient-content claim for use in the beverages' official names, were made by McDonald's personnel at its Chicago headquarters and disseminated from Illinois to every channel through which the Sugar Free Products are sold nationwide. Illinois, therefore, has the most significant relationship to the claims of the Nationwide Class under the Restatement (Second) of Conflict of Laws, and application of the Illinois Consumer Fraud and Deceptive Business Practices Act to the Nationwide Class is consistent with due process.

99. Plaintiffs recognize that courts in the Seventh Circuit have, at times, declined to certify nationwide classes due to choice of law or class manageability issues arising from state consumer protection laws. *See, e.g., In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) (reversing certification of two nationwide consumer-protection classes because "a single nationwide class is not manageable."). Plaintiffs plead the Nationwide Class in the first instance notwithstanding *Bridgestone/Firestone* because the conduct challenged here—the naming and marketing of the Sugar Free Products—was uniform nationwide, was conceived and approved in Illinois, and did not vary by state. Furthermore, the literal falsity of McDonald's Sugar Free Product names and their likelihood to mislead consumers do not vary by the consumers' state of residence. Finally, the certification of a single, uniformly governed Nationwide Class avoids the manageability and predominance concerns that animated *Bridgestone/Firestone*.

100. In the alternative, and should the Court decline to certify the Nationwide Class under Illinois law, Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), on behalf of the following State Subclasses, each governed by the consumer-protection statute of the respective state:

> **State Subclasses**: Illinois Subclass, California Subclass, and New York Subclass: All persons who purchased one or more of the Sugar Free Products in Illinois, California, or New York, respectively, for personal, family, or household use from three years prior to the filing of this Complaint through the date of class certification.

101. Excluded from the Nationwide Class and the State Subclasses are McDonald's, its officers, directors, and employees; any entity in which McDonald's has a controlling interest, including its franchisees; the judge to whom this action is assigned and members of the judge's immediate family; and Plaintiffs' counsel.

102. The Classes are ascertainable and governed by objective criteria. Furthermore, upon information and belief, McDonald's maintains transaction-level records identifying the beverage purchased along with the date and location of purchase.

103. The eight Sugar Free Products are substantially similar for purposes of Plaintiffs' claims. Each bears the same "Sugar Free" designation as a major element of its name. Each is prepared according to the same centrally mandated recipe. Each derives its sugar from the same source, the dairy it contains. Each contains far more than 0.5 grams of sugars per reference amount customarily consumed and per labeled serving. And McDonald's omits the calorie disclosure required by 21 C.F.R. § 101.60(c)(1)(iii) for each beverage. The misrepresentation alleged is identical across all eight Sugar Free Products.

104. **Numerosity.** The members of the Nationwide Class and each State Subclass are so numerous that joinder of all members is impracticable. Upon information and belief, McDonald's has sold the Sugar Free Products online and at thousands of restaurant locations nationwide, including hundreds of locations in each of Illinois, California, and New York, resulting in many thousands of individual class members in each proposed class and subclass.

105. **Commonality.** Common questions of law and fact exist as to all class members, including, without limitation: (a) whether the Sugar Free Products contain sugar in amounts inconsistent with a "sugar free" nutrient-content claim under 21 C.F.R. § 101.60(c)(1); (b) whether McDonald's use of the term "Sugar Free" in the names of the Sugar Free Products is false, deceptive, or misleading to reasonable consumers; (c) whether McDonald's used the term "Sugar Free" without the disclaimer required by 21 C.F.R. § 101.60(c)(1)(iii); (d) whether McDonald's franchise structure affects Defendants' liability for the nationally standardized naming and formulation decisions at issue; (e) whether a price premium attributable to the "Sugar Free"

naming can be measured on a class-wide basis; and (f) whether Plaintiffs and class members are entitled to injunctive relief, damages, restitution, or other relief as a result.

106. **Typicality.** Plaintiffs' claims are typical of the claims of the class and subclass members they seek to represent, as all such claims arise from the same uniform course of conduct by McDonald's and are based on the same legal theories.

107. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained counsel who are experienced in complex class action and consumer protection litigation, and Plaintiffs have no interests antagonistic to those of the Classes.

108. **Rule 23(b)(2).** McDonald's has acted, and refused to act, on grounds generally applicable to the Nationwide Class, making final injunctive relief appropriate with respect to the Nationwide Class as a whole, including an order requiring McDonald's to cease using the term "Sugar Free" in the names of the Sugar Free Products unless and until the beverages contain less than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving.

109. **Rule 23(b)(3).** Common questions of law and fact predominate over any questions affecting only individual members of the Nationwide Class or, in the alternative, each State Subclass. The alleged misrepresentation is embedded in the product names themselves and is identical across all sales channels, all locations, and all class members. Therefore, there is no variation in the content of the representation that would give rise to individualized issues. The core liability questions—whether "Sugar Free" is false, whether it violates 21 C.F.R. § 101.60(c)(1), whether it is material to reasonable consumers, and whether McDonald's failed to apply the required calorie disclaimer—are answerable on a class-wide basis through common proof. A class action is superior to other available methods because individual damages are relatively modest, making individual litigation economically impractical; a class action is the only realistic means of

vindicating these claims. Count I, below, is asserted on behalf of the Nationwide Class or, in the alternative, on behalf of the Illinois Subclass, and Counts II through VII, below, are each asserted in the alternative on behalf of the applicable State Subclass, pursuant to Federal Rule of Civil Procedure 23(b)(3).

110. Should McDonald's discontinue or rename the Sugar Free Products after the filing of this action, that voluntary cessation would not moot Plaintiffs' claims for injunctive and declaratory relief, and would not affect Plaintiffs' claims for damages, restitution, and disgorgement arising from sales already made.

## VI. CAUSES OF ACTION

### COUNT I:

### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 Ill. Comp. Stat. Ann. 505/1, *et seq.*
### (On Behalf of the Nationwide Class and, in the Alternative, on Behalf of the Illinois Subclass)

111. Plaintiffs repeat and reallege each allegation set forth above as if fully set forth herein.

112. Plaintiffs bring this Count individually and on behalf of the Nationwide Class. In the alternative, and should the Court decline to certify the Nationwide Class under Illinois law, Illinois Plaintiff Abigail Camacho brings this claim on behalf of herself and the Illinois Subclass.

113. Illinois law governs the claims of the Nationwide Class and, in the alternative, the Illinois Subclass for the reasons set forth in the Class Action Allegations above. McDonald's is headquartered in Illinois and the naming, labeling, and marketing decisions challenged in this action were made at, and disseminated from, McDonald's Chicago headquarters. Illinois has the most significant relationship to the claims of the Nationwide Class, and application of the Illinois

Consumer Fraud and Deceptive Business Practices Act to the Nationwide Class is consistent with due process.

114. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. Ann. 505/2, prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact" in the conduct of trade or commerce.

115. McDonald's is a "person" within the meaning of 815 Ill. Comp. Stat. Ann. 505/1(c) and engages in "trade" or "commerce" within the meaning of 815 Ill. Comp. Stat. Ann. 505/1(f) by naming, labeling, marketing, distributing, and selling the Sugar Free Products to consumers throughout the United States, including in Illinois.

116. McDonald's engaged in an unfair and deceptive act or practice by uniformly naming the Sugar Free Products "Sugar Free" in its restaurants, on menus, on its website, in its mobile application, and in the Third-Party Applications, because the beverages in fact contain sugar in excess of the amount permitted for that nutrient-content claim under 21 C.F.R. § 101.60(c)(1).

117. This uniform misrepresentation was material to reasonable consumers nationwide, was likely to mislead consumers acting reasonably under the circumstances, and was not cured by any disclaimer or qualifying disclosure.

118. McDonald's conduct occurred in the course of its business and affected the public interest within the meaning of the ICFA. McDonald's applied the "Sugar Free" naming uniformly to all eight products, sold them through multiple channels at thousands of locations, and directed the practice to potentially millions of consumers, establishing the requisite public-interest impact.

119. Plaintiffs and the other members of the Nationwide Class, and, in the alternative, the Illinois Subclass, relied on McDonald's "Sugar Free" naming in deciding to purchase the Sugar Free Products and were induced by that naming to purchase beverages they otherwise would not have purchased, or to pay a price premium attributable to the "Sugar Free" representation.

120. McDonald's fraudulent conduct is pleaded with particularity. **Who:** McDonald's Corporation and McDonald's USA, LLC, through their marketing, menu-design, and product-naming personnel at McDonald's Chicago headquarters. **What:** the "Sugar Free" designation in the official product names, which represented that the beverages contained no sugar when they in fact contained sugar in excess of the legal limit for that claim. **When:** continuously throughout at least the past three years through the present. **Where:** on McDonald's in-restaurant menus nationwide, on its website (mcdonalds.com), in its mobile ordering application, and in the Third-Party Applications (DoorDash, Uber Eats, and Grubhub). **How:** McDonald's embedded the false "Sugar Free" claim as a major element of each product's official name, making it the first, and often the only, nutritional representation consumers encountered when selecting the beverage.

121. As a direct and proximate result of McDonald's unfair and deceptive acts and practices, Plaintiffs and the Nationwide Class and, in the alternative, the Illinois Subclass, suffered actual damages in the form of the purchase price, or a price premium, paid for the Sugar Free Products. This overpayment is measurable on a class-wide basis through common proof, including pricing and transaction data and accepted economic methodologies isolating the portion of price attributable to the "Sugar Free" representation.

122. Plaintiffs and the Nationwide Class and, in the alternative, the Illinois Subclass, are entitled to actual damages, punitive damages to the extent permitted by 815 Ill. Comp. Stat. Ann. 505/10a, injunctive relief, and reasonable attorneys' fees and costs.

**COUNT II:**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Unlawful Prong) Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of the California Subclass)**

123. California Plaintiff Alfredo Aguilar repeats and realleges each allegation set forth above as if fully set forth herein.

124. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, prohibits any "unlawful, unfair or fraudulent business act or practice." A business practice is "unlawful" under the UCL if it violates any other law, including the Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code § 110100 *et seq.*, which adopts the food-labeling requirements of 21 C.F.R. § 101.60(c)(1) into state law.

125. As alleged above, the Sugar Free Products are named and labeled "Sugar Free" without meeting the requirements of 21 C.F.R. § 101.60(c)(1). This constitutes an unlawful business practice under the UCL, independent of whether any reasonable consumer was in fact deceived.

126. As alleged above, the Sugar Free Products also lack the calorie disclaimer mandated by 21 C.F.R. § 101.60(c)(1)(iii). This failure also constitutes an unlawful business practice under the UCL, independent of whether any reasonable consumer was in fact deceived.

127. McDonald's conduct is unlawful under the UCL because it violates, independently and in combination: (a) 21 C.F.R. § 101.60(c)(1)(i), as adopted by Cal. Health & Safety Code §§ 110100, 110660, 110665, 110670, and 110760, because the Sugar Free Products contain more than 0.5 grams of sugars per reference amount customarily consumed and per labeled serving; (b) 21 C.F.R. § 101.60(c)(1)(iii), because the term "Sugar Free" is used without the required "not a low calorie food," "not a reduced calorie food," or "not for weight control" disclaimer; (c) California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*; and (d) the

Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a). Subparagraphs (c) and (d) are each an independent predicate arising under California law.

128. As a direct and proximate result of McDonald's unlawful conduct, California Plaintiff and the California Subclass have suffered injury-in-fact and lost money, in the form of the purchase price, or a price premium, paid for the Sugar Free Products.

129. California Plaintiff and the California Subclass lack an adequate remedy at law for the equitable relief sought under this Count. This Count rests on violations of California's Sherman Food, Drug, and Cosmetic Law, which affords no private right of action of its own, and can be remedied only through the equitable relief the Unfair Competition Law provides. In addition, California Plaintiff and the California Subclass would like to purchase sugar free beverages in the future but are likely to experience future harm because McDonald's representations cannot be trusted. Money damages, even if fully recovered, would not require McDonald's to cease naming and marketing the Sugar Free Products as "Sugar Free" going forward. Only the injunctive relief the False Advertising Law and the Unfair Competition Law provide can prevent that ongoing and future harm.

130. California Plaintiff and the California Subclass are entitled to restitution and injunctive relief under Cal. Bus. & Prof. Code § 17203.

**COUNT III:**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Unfair Prong) Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of the California Subclass)**

131. California Plaintiff Alfredo Aguilar repeats and realleges each allegation set forth above as if fully set forth herein.

132. The "unfair" prong of the UCL prohibits business practices that offend an established public policy, or that are immoral, unethical, oppressive, or unscrupulous and cause

substantial injury to consumers that is not outweighed by any countervailing benefit and that consumers could not reasonably have avoided.

133. McDonald's practice of naming and marketing the Sugar Free Products as "Sugar Free," notwithstanding their actual sugar content, is within the scope of the legislatively declared policy embodied in 21 C.F.R. § 101.60(c)(1) and the Sherman Law, which prohibit exactly this practice.

134. The harm to consumers from McDonald's practice is substantial and it has no offsetting utility. McDonald's could have named the Sugar Free Products accurately, at no cost to any legitimate business interest. Consumers could not reasonably have avoided this harm, since the product name itself is the representation at issue, and consumers are entitled to rely on it without independently verifying McDonald's own regulatory compliance.

135. As a direct and proximate result of McDonald's unfair conduct, California Plaintiff and the California Subclass have suffered injury in fact and lost money, in the form of the purchase price, or a price premium, paid for the Sugar Free Products.

136. California Plaintiff and the California Subclass lack an adequate remedy at law for the equitable relief sought under this Count. The Consumers Legal Remedies Act contains no analog to the "unfair" prong asserted in this Count, which does not require McDonald's conduct to fall within any of the specific categories of misrepresentation enumerated in Civil Code § 1770(a). In addition, California Plaintiff and the California Subclass would like to purchase sugar free beverages in the future but are likely to experience future harm because McDonald's representations cannot be trusted. Money damages, even if fully recovered, would not require McDonald's to cease naming and marketing the Sugar Free Products as "Sugar Free" going

forward. Only the injunctive relief the False Advertising Law and the Unfair Competition Law provide can prevent that ongoing and future harm.

137. California Plaintiff and the California Subclass are entitled to restitution and injunctive relief under Cal. Bus. & Prof. Code § 17203.

**COUNT IV:**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (Fraudulent Prong) AND FALSE ADVERTISING LAW**
**Cal. Bus. & Prof. Code §§ 17200, 17500, *et seq.***
**(On Behalf of the California Subclass)**

138. California Plaintiff Alfredo Aguilar repeats and realleges each allegation set forth above as if fully set forth herein.

139. The "fraudulent" prong of the UCL, and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, prohibit business acts, practices, and advertising that are likely to deceive members of the public acting reasonably under the circumstances.

140. McDonald's knew, or by the exercise of reasonable care should have known, that the "Sugar Free" naming of the Sugar Free Products was untrue and misleading. Cal. Bus. & Prof. Code § 17500. McDonald's formulated the beverages, selected their ingredients, computed and published their nutrition information, and created their names.

141. McDonald's use of the term "Sugar Free" in the names of the Sugar Free Products is likely to deceive, and did deceive, reasonable consumers, including California Plaintiff, into believing that the Sugar Free Products contain no, or virtually no, sugar, when in fact each Sugar Free Product contains sugar well in excess of the legal limit for that claim.

142. McDonald's "Sugar Free" representation is material to reasonable consumers, including California Plaintiff, and California Plaintiff relied on that representation in deciding to purchase the Sugar Free Products.

143. McDonald's fraudulent conduct is pleaded with particularity. **Who:** McDonald's Corporation and McDonald's USA, LLC, through their marketing, menu-design, and product-naming personnel at McDonald's Chicago headquarters. **What:** the "Sugar Free" designation in the official product names, which represented that the beverages contained no sugar when they in fact contained sugar in excess of the legal limit for that claim. **When:** continuously throughout at least the past three years through the present. **Where:** on McDonald's in-restaurant menus nationwide, on its website (mcdonalds.com), in its mobile ordering application, and in the Third-Party Applications (DoorDash, Uber Eats, and Grubhub). **How:** McDonald's embedded the false "Sugar Free" claim as a major element of each product's official name, making it the first, and often the only, nutritional representation consumers encountered when selecting the beverage.

144. As a direct and proximate result of McDonald's fraudulent and deceptive conduct, California Plaintiff and the California Subclass have suffered injury in fact and lost money.

145. California Plaintiff and the California Subclass lack an adequate remedy at law for the injunctive relief sought under this Count. California Plaintiff and the California Subclass would like to purchase sugar free beverages in the future but are likely to experience future harm because McDonald's representations cannot be trusted. Money damages, even if fully recovered, would not require McDonald's to cease naming and marketing the Sugar Free Products as "Sugar Free" going forward. Only the injunctive relief the False Advertising Law and the Unfair Competition Law provide can prevent that ongoing and future harm.

146. California Plaintiff and the California Subclass are entitled to restitution and injunctive relief under Cal. Bus. & Prof. Code §§ 17203, 17535.

## COUNT V:

## VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
**Cal. Civ. Code § 1750, *et seq.***
**(On Behalf of the California Subclass)**

147. California Plaintiff Alfredo Aguilar repeats and realleges each allegation set forth above as if fully set forth herein.

148. The Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, prohibits unfair methods of competition and unfair or deceptive acts or practices undertaken in a transaction intended to result, or which results, in the sale of goods to a consumer, including: representing that goods have characteristics that they do not have, Cal. Civ. Code § 1770(a)(5); representing that goods are of a particular standard or quality if they are of another, Cal. Civ. Code § 1770(a)(7); and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, Cal. Civ. Code § 1770(a)(16).

149. McDonald's naming and marketing of the Sugar Free Products as "Sugar Free," notwithstanding their actual sugar content, violates Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(16).

150. Because these CLRA claims are based on affirmative misrepresentations, they sound in fraud and are pleaded with the particularity required by Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009). **Who:** McDonald's Corporation and McDonald's USA, LLC, through their marketing, menu-design, and product-naming personnel at McDonald's Chicago headquarters. **What:** the "Sugar Free" designation in the official product names, which represented that the beverages contained no sugar when they in fact contained sugar in excess of the legal limit for that claim. **When:** continuously throughout at least the past three years through the present. **Where:** on McDonald's in-restaurant menus nationwide, on its website (mcdonalds.com), in its mobile ordering application, and in the Third-Party Applications

(DoorDash, Uber Eats, and Grubhub). **How:** McDonald's embedded the false "Sugar Free" claim as a major element of each product's official name, making it the first, and often the only, nutritional representation consumers encountered when selecting the beverage.

151. The Sugar Free Products were purchased by California Plaintiff and the California Subclass for personal, family, or household purposes, and the transactions at issue are "consumer" transactions within the meaning of Cal. Civ. Code § 1761.

152. Pursuant to Cal. Civ. Code § 1782, on November 5, 2026, counsel for California Plaintiff sent notice and demand to McDonald's by certified mail, return receipt requested, and California Plaintiff reserves the right to amend this Complaint to add a claim for damages under the CLRA upon expiration of the thirty (30) day notice period if McDonald's fails to provide appropriate relief. California Plaintiff and the California Subclass are entitled to injunctive relief under the CLRA, and, following expiration of the statutory notice period, to actual and punitive damages, restitution, and attorneys' fees and costs pursuant to Cal. Civ. Code §§ 1780, 1781. No claim for damages under the CLRA is asserted at this time.

153. The affidavit required by Cal. Civ. Code § 1780(d), stating facts showing that this action has been commenced in a proper forum, is filed concurrently herewith.

**COUNT VI:**

**VIOLATION OF NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350**
**(On Behalf of the New York Subclass)**

154. New York Plaintiff LaTonya Wright repeats and realleges each allegation set forth above as if fully set forth herein.

155. N.Y. Gen. Bus. Law § 349 (McKinney 2026) prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, and § 350 separately prohibits false advertising in the conduct of any business, trade, or commerce.

156. McDonald's naming and marketing of the Sugar Free Products as "Sugar Free," notwithstanding their actual sugar content, is materially misleading and constitutes a deceptive act or practice and false advertising within the meaning of N.Y. Gen. Bus. Law §§ 349, 350 (McKinney 2026).

157. McDonald's conduct was consumer-oriented: the "Sugar Free" naming was directed at the consuming public at large, was displayed uniformly in McDonald's New York restaurant locations, its website and mobile application, and the Third-Party Applications, and the transactions at issue occurred in New York.

158. New York Plaintiff and the New York Subclass relied on the "Sugar Free" naming of the Sugar Free Products in deciding to purchase them.

159. As a direct and proximate result of McDonald's deceptive acts and false advertising, New York Plaintiff and the New York Subclass have been injured by paying a price premium or the full price for beverages they otherwise would not have purchased.

160. New York Plaintiff and the New York Subclass are entitled to the relief provided by N.Y. Gen. Bus. Law §§ 349(h) and 350-e(3), including actual damages or the statutory damages provided by those sections, whichever is greater; treble damages for McDonald's willful and knowing violations, to the maximum extent those sections permit; injunctive relief; and reasonable attorneys' fees.

## COUNT VII:

## UNJUST ENRICHMENT/QUASI-CONTRACT
**(Pleaded in the Alternative, on Behalf of the State Subclasses)**

161. Plaintiffs repeat and reallege each allegation set forth above as if fully set forth herein and plead this Count in the alternative to the extent any of the foregoing claims is unavailable to a particular member of the State Subclasses.

162. This Count is pleaded as a claim in quasi-contract for restitution. It does not depend on the existence of an enforceable contract between Plaintiffs and McDonald's, and to the extent any jurisdiction does not recognize unjust enrichment as an independent cause of action, Plaintiffs assert it as a remedy for the unlawful and deceptive conduct alleged in the preceding Counts.

163. Because of the conduct alleged above, McDonald's has been unjustly enriched at the expense of Plaintiffs and the State Subclasses, who conferred a benefit on McDonald's in the form of the purchase price, or a price premium, paid for the Sugar Free Products.

164. McDonald's knowingly accepted and retained that benefit under circumstances making its retention, without compensating Plaintiffs and the State Subclasses for its value, inequitable.

165. Plaintiffs and the State Subclasses lack an adequate remedy at law for the restitution sought under this Count. This Count is pleaded in the alternative precisely for those members of the State Subclasses as to whom the legal remedies asserted in the preceding Counts prove unavailable, and as to those persons no legal remedy exists.

166. Plaintiffs and the State Subclasses are entitled to restitution and disgorgement of McDonald's wrongfully retained benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Nationwide Class or, in the alternative, the Illinois, California, and New York Subclasses, respectfully request that the Court enter judgment in their favor and against McDonald's as follows:

A. Certify this action as a class action, certifying the Nationwide Class in the first instance under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) or, in the alternative, certifying each State Subclass under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3);

appointing Plaintiffs as class representatives, and appointing the undersigned counsel as class counsel;

B. Enter a declaratory judgment that McDonald's naming and marketing of the Sugar Free Products as "Sugar Free" is false, deceptive, and unlawful;

C. Enter a permanent injunction enjoining McDonald's from naming or marketing any beverage using the term "Sugar Free," or any comparable term, in any channel, unless that beverage in fact contains less than 0.5 grams of sugar per reference amount customarily consumed and per labeled serving;

D. Award Plaintiffs and the Nationwide Class or, in the alternative, the State Subclasses restitution and disgorgement of all amounts wrongfully obtained by McDonald's as a result of the conduct alleged herein;

E. Award Plaintiffs and the Nationwide Class or, in the alternative, the State Subclasses actual, compensatory, statutory, and/or multiplied damages in an amount to be proven at trial, to the extent available under applicable law;

F. Award Plaintiffs and the Nationwide Class or, in the alternative, the State Subclasses punitive damages to the extent available under each Subclass's respective state law;

G. Award Plaintiffs and the Nationwide Class or, in the alternative, the State Subclasses their reasonable attorneys' fees and costs of suit, to the extent available under each Subclass's respective state law;

H. Award pre-judgment and post-judgment interest as allowed by law; and

I. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of the Nationwide Class or, in the alternative, the State Subclasses, hereby demand a trial by jury on all issues so triable.

DATED: November 6, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*

Steve W. Berman (IL Bar No. 3126833)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Daniel J. Kurowski (IL Bar No. 6286656)
Mark Vazquez (IL Bar No. 6310387)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
Email: dank@hbsslaw.com
markv@hbsslaw.com

Sarah E. Dupree*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94706
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: sarah.dupree@hbsslaw.com

Jennifer Kraus-Czeisler*
Edward Ciolko*
Todd McClelland*
Christopher Hurld*
Arturo Peña Miranda*
**STERLINGTON PLLC**
530 Fifth Avenue, Suite 804
New York, NY 10036
Telephone: (212) 433-2993
Email: jen.czeisler@sterlingtonlaw.com
edward.ciolko@sterlingtonlaw.com
todd.mcclelland@sterlingtonlaw.com
christopher.hurld@sterlingtonlaw.com
arturo.pena@sterlingtonlaw.com

*Attorneys for Plaintiffs and Proposed Class*

**pro hac vice* forthcoming